UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SURAYYO LYUBAROVA,

                       Plaintiff,

      -against-

SAKS FIFTH AVENUE, LLC,
HUDSON'S BAY COMPANY,

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/2018

17 Civ. 4859 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    By letter dated May 25, 2018, Plaintiff *pro se* requests that the Court "expunge" the records of her civil case because the "public record damages [her] reputation." *See* Letter at 1, ECF No. 22. The Court construes this expungement request as a motion to seal the entire case. For the reasons stated below, the motion to seal is DENIED without prejudice to renewal.

    Deeply rooted in the common law and the First Amendment is that the public has the right to access court proceedings. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (noting the "First Amendment right of access to documents submitted to the court"); *Harford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) (finding qualified First Amendment right of access to docket sheets). Accordingly, there is a strong presumption against sealing court records from the public.

    Plaintiff may overcome this presumption by showing that there are compelling reasons to shield access to all records for this case. Although this case settled early, sealing the case would prevent the public's access to the complaint. A complaint is a pleading that is essential to the adjudication of a civil case. Thus, it is clearly a judicial document to which the right of access attaches. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Other than stating that the records damage her "reputation," Plaintiff has failed to identify compelling reasons to justify shielding the complaint and the case from the public's view. *See* Letter at 1; *E.E.O.C. v. Kelley, Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012) (broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test). Plaintiff may submit a new sealing request identifying (1) what specific details should be shielded from public access, and (2) what specific harm disclosure of those records would cause.

    The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

    SO ORDERED.

Dated: June 1, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge